IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALL ENTHUSIAST INC., | No. C 05-02733 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND VACATING HEARING** |
| BRIAN GUNTER and PLURPLANET, INC., | |
| Defendants. | |

## INTRODUCTION

In this action alleging breach of contract, conversion and unfair competition, defendants Brian Gunter and Plurplanet, Inc. seek to dismiss the complaint for lack of personal jurisdiction. This motion is **DENIED**.

## STATEMENT

Plaintiff All Enthusiast, Inc. is incorporated in Texas and has its principal place of business in California. Its sole shareholder is Scott Wainner. Plaintiff sells a computer program known as PhotoPost PHP over the Internet that "permits users to store, customize and manipulate computer-based photographic images" (Compl. ¶ 5, provided at Wainner Exh. A). To protect its intellectual property rights, plaintiff requires purchasers of its software to enter into a licensing agreement. *See* http://www.photopost.com/phplicense.html, partially reproduced at Wainner Exh. B). Among other terms and conditions, the agreement explicitly provides that (1) each license purchased covers only a single installation on one webserver and one website; (2) the licensee may not redistribute the software ("altered or otherwise") without

written permission and (3) the terms are governed by the laws of the State of California (*ibid.*; Compl. ¶¶ 7–8).

Defendant Brian Gunter is a citizen of Georgia. Gunter is the President and sole shareholder of defendant PlurPlanet, Inc., a limited liability corporation operated out of his home in Marietta, Georgia. PlurPlanet, Inc. is alleged to be Gunter's corporate alter-ego (Compl. ¶ 14).

Plaintiff accuses Gunter of purchasing PhotoPost PHP on October 21, 2002, only to use the underlying computer code as the basis of his own "copy-cat" program called vBadvanced Gallery, which is also sold exclusively over the Internet (*id.* ¶¶ 9–11). The complaint further alleges that Gunter acknowledged in e-mails that he was sharing plaintiff's software with another person in violation of the license agreement and that he purposely designed vBadvanced Gallery to resemble PhotoPost PHP in both appearance and structure (*id.* ¶ 12). In response, Gunter admits that he purchased PhotoPost PHP, but asserts he did not know that plaintiff was located in California at the time of his online software purchase (Gunter Decl. ¶ 6). He denies any copying; instead, he contends that he "personally wrote the [vBadvanced Gallery] software at issue" (*id.* ¶ 8).

Neither Gunter nor PlurPlanet, Inc. have any physical presence in California (Gunter Decl. ¶¶ 5, 7). Gunter emphasizes that his only contacts with plaintiff have occurred over the Internet — *i.e.*, his online purchase of PhotoPost PHP and subsequent communication via electronic mail. Moreover, sales by PlurPlanet, Inc. are conducted solely over the Internet; purchasers make electronic payments and download the software directly from defendants' website,(*id.* ¶¶ 9–11). Because nothing is physically shipped, it is difficult ascertain where customers are located (*id.* ¶ 13). Using information optionally provided upon registration, however, Gunter has determined that customers from at least fourteen states (including California) and fourteen foreign countries have purchased vBadvanced Gallery (*id.* ¶¶ 14–15). Only four sales to California residents (totaling approximately $240.00) have been confirmed, which constitutes less than 1% of total sales for vBadvanced Gallery (*id.* ¶ 16). Defendants now move to dismiss the action for lack of personal jurisdiction pursuant to FRCP 12(b)(2).

2

**ANALYSIS**

**1.    LEGAL STANDARD.**

To comport with the due process clause of the United States Constitution, the Court must consider whether the defendant has sufficient "minimum contacts" with California, such that the exercise of personal jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)(internal citation omitted). California's long-arm statute authorizes the exercise of jurisdiction on any basis not inconsistent with the state or federal Constitution. CAL. CODE CIV. PROC. § 410.10. As such, the analysis of personal jurisdiction collapses into a single inquiry under federal due process.

Plaintiff has the burden of making a prima facie showing that personal jurisdiction exists. *AT & T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996). On a Rule 12 motion, all uncontroverted well-pled allegations in the complaint are taken as true; any factual conflicts are also resolved in plaintiff's favor. *Ibid.*

Personal jurisdiction may be either general or specific. Specific jurisdiction is said to exist when the suit arises out of or is related to the defendant's contacts with the forum state. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). In contrast, general jurisdiction refers to the authority of the Court to exercise jurisdiction, even if the cause of action is unrelated to the defendant's contacts with the forum state. *Id.* at 414 n.9.

**2.    GENERAL JURISDICTION.**

In order for the Court to exercise general jurisdiction over a nonresident defendant, the plaintiff must demonstrate that defendant's contacts with the forum state are "substantial" or "continuous and systematic" *Id.* at 416; *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). "The standard for establishing general jurisdiction is 'fairly high,' and requires that the defendant's contacts be of the sort that approximate physical presence." *Bancroft*, 223 F.3d at 1086 (internal citations omitted).

The Ninth Circuit has recognized that general jurisdiction may be asserted over a company that primarily does business on the Internet. *Gator.com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072 (9th Cir. 2003). There, defendant L.L. Bean had engaged in "extensive marketing

3

1  and sales in California," "maintain[ed] ongoing contacts with numerous California vendors"
2  and operated a "highly interactive" website that was "deliberately structured to operate as a
3  sophisticated virtual store in California." *Id.* at 1078. The Ninth Circuit explicitly commented
4  that even if the defendant's only contacts with California had been through its virtual store, a
5  finding of general jurisdiction would have been appropriate because the extent of commercial
6  activity was sufficiently substantial. *Id.* at 1079–80.

   Here, defendants are Georgia residents with no physical presence in California. Plaintiff has failed to demonstrate that defendants' Internet business contacts are sufficiently substantial to approximate a physical presence within the state. Only four sales of vBadvanced Gallery to California residents have been confirmed. While the facts must be viewed in the light most favorable to plaintiff, it is unclear what percentage of defendants' customers voluntarily provided their physical addresses upon registration. On this record, the Court is reluctant to find that general jurisdiction exists. As described in further detail below, however, it is not necessary to reach this issue because specific jurisdiction exists.

### 3. SPECIFIC JURISDICTION.

Plaintiff may assert specific jurisdiction over a defendant where (1) the defendant has purposefully availed himself of the benefits and protections of the forum state; (2) the claim arose directly out of defendant's contacts with the forum state; and (3) the exercise of jurisdiction is reasonable. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

#### a. Purposeful Availment.

Physical presence in the forum state is not required as long as the defendant's efforts are "purposefully directed" toward forum residents. *Ibid.* The purposeful availment requirement ensures that a nonresident defendant will not be haled into court "solely as a result of random, fortuitous or attenuated contacts, or of the unilateral activity of another party or a third person." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

In the context of the Internet, mere advertising presence on a "passive" website without "something more" is insufficient to demonstrate purposeful availment. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997). Otherwise, courts look to "the level of

4

interactivity and commercial nature of the exchange of information that occurs." *Ibid.* (*citing Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)).*

Defendants do not dispute the commercial nature of their electronic contacts with California. Gunter both *purchased* a copy of PhotoPost PHP from plaintiff and *sold* vBadvanced Gallery to at least four (and possibly many more) California residents. Indeed, PlurPlanet, Inc. does its business exclusively on the Internet. The Court is sensitive to the concerns of small businesses, which are more likely to be overwhelmed by the burden of defending a faraway lawsuit. A local merchant could control the location of any resulting lawsuits by (1) including on its website a disclaimer that it will not sell its products outside a certain geographic area or (2) requiring potential customers to agree to a choice-of-venue provision before purchasing any products. *See Stomp, Inc. v. Neato, LLC*, 61 F. Supp.2d 1074, 1080–81 (C.D. Cal. 1999). Defendants, however, apparently did neither, yet they wish to gain "the benefit of engaging in unlimited interstate commerce over the Internet" without running the risk of litigation anywhere except Georgia. *Id.* at 1081. This is unreasonable.

Moreover, the license to plaintiff's software explicitly provided it was governed by the laws of California. While a choice-of-law provision *alone* would not be sufficient to confer jurisdiction, it should not be ignored in considering whether defendant has purposefully availed himself of the forum. *See AdVideo, Inc. v. Kimel Broadcast Group, Inc.*, 727 F. Supp. 1337, 1340–41 (N.D. Cal. 1989)(further noting that had plaintiff breached the agreement, the defendant in that action "would have been entitled to the protection and benefits afforded by California law"). By the terms of this license, Gunter could have reasonably expected that he might be haled into a California court. In any event, his argument that a click-wrap license agreement should be treated differently is unavailing because other minimum contacts exist.

In short, this order finds that the purposeful availment prong is met.

---

* The court in *Zippo* described a "sliding scale" in which "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet. . . . At one end of the spectrum are situations where a defendant clearly does business over the Internet. . . . At the opposite end . . . a defendant has simply posted information on an Internet Web site which is accessible to [forum resident] users. . . . The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer." *Zippo*, 952 F. Supp. at 1124.

5

**b. Connection to Forum-Related Activities.**

There is little doubt that plaintiff's claim arises from defendant's forum-related activities. First, the complaint alleges that Gunter breached his license agreement, which was governed by California law. Second, the claims of conversion and unfair competition stem from defendants' sales of allegedly "copy-cat" software to California residents, which would directly compete with plaintiff's own software sales. This requirement is easily satisfied.

**c. Reasonableness.**

In addressing the question of reasonableness, the Court looks to seven factors: (1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant if forced to litigate in the forum; (3) the extent of conflict with sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Burger King*, 471 U.S. at 476–77.

If it is established that a defendant has purposefully availed himself of the privilege of conducting business with forum residents, "it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well." *Id.* at 476. To rebut that presumption, the defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.* at 477. No such compelling case has been presented here.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss for lack of personal jurisdiction is **DENIED**. The hearing on this motion, currently scheduled for **AUGUST 18, 2005 AT 8:00 A.M.**, is **VACATED**.

**IT IS SO ORDERED.**

Dated: August 4, 2005



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6